## WM. STEELE *v.* J. E. RICKETTS' EXR.

**Bills and Notes — Alteration of Instruments — Discharge of Indorser.**
Where the payee of a bill subsequently inserts the name of another as drawee without his authority, the alteration will operate to discharge the indorser from liability.

APPEAL FROM HENDERSON CIRCUIT COURT.

April 24, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

In the former opinion of this court in this case it was said that " if the bill was completed as to the drawer, acceptor, and drawee when appellant indorsed it, the indorsement did not authorize appellee or any one else to insert another name in the bill as drawee. If there was no drawee in the bill when appellant indorsed it, but there was a blank for the name of the drawee to be inserted, then there might be an implied authority to the holder to fill the blank, but not otherwise."

It appears that when the appellant indorsed the bill, the space in which the name of the drawee is usually written contained the words " City Bank " which had been written therein by Salom A. Steele, the acceptor, so that the bill then read " pay to the order of City Bank," etc.

Although the office or place of business of J. E. Ricketts & Co. was known as " the City Bank," they seem to have recognized the words " City Bank " as representing themselves by paying checks drawn on the " cashier of the City Bank," and the evidence we think authorizes the conclusion that the words " City Bank " were

inserted in the bill for the purpose of representing said firm of J. E. Ricketts & Co. as the drawees of the bill, and not merely as a designation of the place of payment, and were so understood by the appellant when he indorsed the bill, and by said J. E. Ricketts & Co. when they received it; and as it appears that one of said firm subsequently inserted the name of the appellant in the bill as a drawee without his authority, the alteration operated to discharge him from liability thereon.

This conclusion renders the consideration of other objections to the judgment unnecessary.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss the petition.

*H. F. Turner,* for Appellant.

*Crockett & Vance,* for Appellee.